**BARSHAY SANDERS, PLLC**
Craig B. Sanders (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
File No.: 122295
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Javier Mateo,<br><br>            Plaintiff,<br><br>  v.<br><br>Emily O'Hara Ratajkowski,<br><br>            Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Javier Mateo ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Emily O'Hara Ratajkowski ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs featuring celebrities which Plaintiff licenses to online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's photographs and many others are the subject of pending copyright applications.

4. Defendant owns and operates a social media account on Instagram known as @emrata (the "*Account*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Javier Mateo is an individual who is a citizen of the State of Pennsylvania and maintains a principal place of business in Chester County, Pennsylvania.

7. On information and belief, defendant Emily O'Hara Ratajkowski, is an individual who is a citizen of the State of California with a residence in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over EmilyO'Hara Ratajkowski because it maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Emily O'Hara Ratajkowski does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building

Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. The Account is monetized in that it contains content designed to accumulate followers who are directed to, via link and/or advertisement, consume and purchase Defendant's content, Defendant profits from these activities.

16. On or about October 26, 2018, Plaintiff Javier Mateo authored two photographs of Emily Ratajkowski ("Photograph 1A" and "Photograph 1B"). A copy of Photograph 1A and Photograph 1B are attached hereto collectively as Exhibit 1.

17. Plaintiff applied to the USCO to register Photograph 1 on March 9, 2020 under Application No. 1-8623766660.

18. Photograph 1 was registered by USCO on March 9, 2020 under Registration No. VA 2-199-493.

19. Plaintiff observed Photograph 1A and Photograph 1B on the Account. A copy of screengrab of the Account including Photograph 1A and Photograph 1B is attached hereto collectively as Exhibit 2.

20. On or about July 12, 2019, Plaintiff Javier Mateo authored a photograph of Emily Ratajkowski ("Photograph 2"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

21. Plaintiff applied to the USCO to register Photograph 2 on March 9, 2020 under Application No. 1-8623766997.

22. Photograph 2 was registered by USCO on March 9, 2020 under Registration No. VA 2-199-494.

23. Plaintiff observed Photograph 2 on the Account. A copy of screengrab of the Account including Photograph 2 is attached hereto collectively as Exhibit 2.

24. On or about July 30, 2019 Plaintiff Javier Mateo authored a photograph of Emily Ratajkowski ("Photograph 3"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

25. Plaintiff applied to the USCO to register Photograph 3 on March 9, 2020 under Application No. 1-8623766997.

26. Photograph 3 was registered by USCO on March 9, 2020 under Registration No. VA 2-199-494.

27. Plaintiff observed Photograph 3 on the Account in an Instagram Story. A copy of screengrab of the Account including Photograph 3 is attached hereto collectively as Exhibit 2.

28. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Account.

29. On information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

30. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

31. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

32. On information and belief, Defendant takes an active and pervasive role in the content posted on her Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

33. On information and belief, the Photographs were willfully and volitionally posted to the Account by Defendant.

34. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

35. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on her Account and exercised and/or had the right and ability to exercise such right.

36. On information and belief, Defendant monitors the content on her Account.

37. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

38. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

39. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

# FIRST COUNT
## (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

44. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Defendant's reproduction of the Photographs and display of the Photographs on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

47. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

49. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.    finding that Defendants infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: July 12, 2021

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122295